UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JOSEPH KING, on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

PREMIER FIRE ALARMS & INTEGRATION
SYSTEM, INSTALLATION DIVISION, INC.,
a Florida Corporation, and MATTHEW HAIMAN,
individually,

        Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, JOSEPH KING, on behalf of himself and all others similarly situated, by and through undersigned counsel, sues the Defendants, PREMIER FIRE ALARMS & INTEGRATION SYSTEM, INSTALLATION DIVISION, INC., (hereinafter, "Company"), and MATTHEW HAIMAN, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action on behalf of himself and all others similarly situated to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, MATTHEW HAIMAN, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff was hired as a non-exempt employee by the Defendants.

11. During his employment, the Defendants however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

12. This deduction practice occurred across the board to all hourly employees.

13. Specifically, from April of 2017 to August of 2019, Plaintiff suffered from Defendants' automatic deduction for Plaintiff's lunch breaks of 30 minutes per day, irrespective of whether or not Plaintiff actually took a lunch break.

14. As such, Plaintiff is owed approximately 2 ½ hours of pay per week, and with an hourly rate of $24.00, totals $60.00 per week.

15. Over the course of his employment, Plaintiff is owed approximately $6,720.00 in unpaid compensation.

16. Additionally, when Plaintiff would work actual overtime hours in addition to these 42.5 hours, those hours would be paid months later, but in straight time cash, for which Plaintiff has conservatively calculated to be an additional $84.00.

17. Thus, Plaintiff is owed $6,804.00 in unpaid wages.

## COUNT I
## FLSA - COMPANY

Plaintiff, on behalf of himself and all others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18. Plaintiff, on behalf of himself and all others similarly situated, is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–MATTHEW HAIMAN

Plaintiff, on behalf of himself and all others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

20. Plaintiff, on behalf of himself and all others similarly situated, is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

21. By reason of the intentional, willful and unlawful acts of the Defendant, MATTHEW HAIMAN in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Defendant, MATTHEW HAIMAN for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: January 10, 2020.                Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920