UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60064-WILLIAMS/VALLE

JOSEPH KING,

    Plaintiff,

v.

PREMIER FIRE ALARMS & INTEGRATION
SYSTEM, INSTALLATION DIVISION, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

**THIS MATTER** is before the Court on: (i) Defendants Premier Fire Alarms & Integration System, Installation Division, Inc.'s (the "Corporate Defendant") and Matthew Haiman's ("Haiman") (together, "Defendants") Motion to Dismiss the Amended Complaint (ECF No. 15) (the "Dismissal Motion"); and (ii) Plaintiff Joseph King's Motion to Proceed as Collective Action (ECF No. 31) (the "Collective Action Motion"). United States District Judge Kathleen Williams has referred the Motions to the undersigned for a Report and Recommendation. *See* (ECF Nos. 7, 34).

Accordingly, having reviewed the Dismissal Motion, Plaintiff's Response (ECF No. 17), and Defendant's Reply (ECF No. 20), and having also reviewed the Collective Action Motion, Defendant's Response (ECF No. 37), and Plaintiff's Reply (ECF No. 38), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Dismissal Motion be **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** and that the Collective Action Motion be **DENIED WITHOUT PREJUDICE**, for the reasons set forth herein.

1

## I.     BACKGROUND

### A. The Complaint

The two-count Amended Complaint seeks to recover unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA), on behalf of Plaintiff and other similarly situated employees. Am. Compl. (ECF No. 11) ¶¶ 1, 12-18. More specifically, Count I alleges FLSA violations against the Corporate Defendant and Count II alleges FLSA violations against individual Defendant Haiman. *Id.* ¶¶ 19-22.

According to the Amended Complaint, Plaintiff worked for Defendants as a fire alarm technician. *Id.* ¶ 10. Plaintiff claims that from April 2017 through August 2019, Defendants automatically deducted daily 30-minute lunch breaks from his pay, regardless of whether Plaintiff took a lunch break. *Id.* ¶ 13. Plaintiff further alleges that the automatic lunch deduction was a "practice [that] occurred across the board [and applied] to all hourly employees." *Id.* ¶ 14. Additionally, Plaintiff avers that he was paid "straight time" for any overtime hours that he worked and those hours would ultimately "be paid months later [in cash] through Defendant Haiman's authority." *Id.* ¶ 17.

### B. The Instant Motions

Presently, Defendants seek dismissal of the Amended Complaint, arguing that Plaintiff has failed to establish FLSA coverage and individual liability as to Defendant Haiman. *See generally* (ECF No. 15). Moreover, Plaintiff seeks to certify a collective action based on the Amended Complaint. *See generally* (ECF No. 31). The Motions are considered below.

## II.     LEGAL STANDARDS

### A. Rule 12(b) Standard for Motion to Dismiss

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to

state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court's review of the sufficiency of the complaint is limited to the allegations presented in the complaint.  *See GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  Moreover, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor.  *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted).

Nonetheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 (internal citations and quotations omitted).  Conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts may result in dismissal.  *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014) (citation omitted).

Moreover, courts conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  *Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CV, 2014 WL 11696708, at *2 (S.D. Fla. Jan. 17, 2014) (citation omitted).  "A court should first ask whether the pleading properly asserts 'well-pleaded factual allegations,' or instead merely asserts legal conclusions that are not entitled to the assumption of truth."  *Id.* (citations omitted).  If the complaint contains factual allegations that are well-pled, the court should assume their veracity, and then move to the next step and ask whether the factual allegations "plausibly give rise to an entitlement to relief."  *Id.*  Thus, where the pleading asserts non-conclusory factual allegations

3

that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* (quoting *Twombly*, 550 U.S. at 570).

Lastly, a complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all the necessary factual allegations. *Twombly,* 550 U.S. at 555. Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  FLSA Coverage

To state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must demonstrate that: (i) he is employed by the defendant; (ii) the defendant engaged in interstate commerce; and (iii) the defendant failed to pay minimum or overtime wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012). Under the FLSA, an employer is required to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 207(a)). But "an employee must first demonstrate that he is 'covered' by the FLSA." *Id.* at 1298.

To establish FLSA coverage, an employee must show "that the jurisdictional prerequisite of 'interstate commerce' exists in a given case." *Dimingo v. Midnight Express, Inc.*, No. 17-23010-Civ-Scola, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018) (citing *Josendis*, 662 F.3d at 1298). Thus, Plaintiff must allege that either: (i) the Defendant is an enterprise engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage); or (ii) that Plaintiff was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage). *Id.*; *see also* 29 U.S.C. § 207(a)(1).

4

More specifically, to establish "enterprise coverage," an employee must show that the employer has: (i) two or more employees regularly engaged in interstate commerce or in the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; ***and*** (ii) gross volume sales or business of at least $500,000 annually. *Id.* (citing *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 248 (11th Cir. 2007)); *see also* 29 U.S.C. § 203(s)(1)(A) (defining enterprise coverage under the FLSA). On the other hand, an employee who personally regularly and directly participates in the actual movement of persons or things in interstate commerce may claim "individual coverage." *Josendis,* 662 F.3d at 1298.

### III.   DISCUSSION

#### A. The Motion to Dismiss

Defendants seek dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for several reasons. *See generally* (ECF No. 15). First, Defendants assert that Plaintiff failed to sufficiently allege FLSA coverage under either the enterprise or individual coverage theories. *Id.* at 4-8. Second, Defendants assert that Plaintiff failed to allege sufficient facts to establish Defendant Haiman's individual liability. *Id.* at 8-9.

In response, Plaintiff asserts that "Plaintiff does not need to address individual coverage as Plaintiff has alleged enterprise coverage." (ECF No. 17 at 3). Instead, Plaintiff argues that he has sufficiently pled enterprise coverage for purposes of surviving the motion to dismiss. *Id*. at 5. Specifically, Plaintiff claims that the Amended Complaint adequately alleges enterprise liability because the Complaint pleads that Defendants met the statutory $500,000 annual gross sales/volume figure and had at least two employees engaged in handling goods that moved in interstate commerce. *Id*. at 4.

### B. The Amended Complaint Fails to Sufficiently Allege Enterprise Coverage

In opposing the Motion to Dismiss, Plaintiff does not address any of the issues raised by Defendants regarding individual coverage, focusing exclusively on establishing enterprise coverage. (ECF No. 17 at 3). Specifically, Plaintiff argues that the Amended Complaint adequately alleges that the Defendants generated at least $500,000 annually in gross volume sales or business. *Id*. at 3; *see also* (ECF No. 11 ¶ 9). From this allegation, Plaintiff asks the Court to infer that the Defendants had "on a regular and recurrent basis at least two . . . employees engaged in commerce or handled goods and material that have been moved in commerce." (ECF No. 17 at 4); *see also* (ECF No. 15 at 7). In addition, Plaintiff suggests that Paragraph 11 of the Amended Complaint supports the conclusion that at least two of Defendants' employees handled goods that moved in interstate commerce. (ECF No. 17 at 4). Lastly, Plaintiff refers to the "collective action" language of the Amended Complaint to argue that this language implicitly satisfies the requirement of pleading "two or more employees" moving or handling goods in interstate commerce. *Id*.

Contrary to Plaintiff's argument, a review of the Amended Complaint reveals that Plaintiff has not adequately alleged enterprise coverage. Relevant to enterprise coverage, the Amended Complaint alleges that:

> 7. Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.
>
> 9. Defendants have been . . . engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.
>
> 11. As part of his duties, Plaintiff worked with numerous products that had regularly moved through interstate commerce, including fire alarms, electrical wiring and circuits.[1]

(ECF No. 11 ¶¶ 7, 9, 11).

---

[1] Although Plaintiff relies on Paragraph 11 to argue in support of enterprise coverage, this allegation clearly goes to establishing individual coverage.

As an initial matter, Plaintiff's allegation regarding Defendants' gross volume sales or business "upon information and belief" is sufficient at this stage of the litigation to establish the first prong of enterprise liability and survive the Dismissal Motion. *See, e.g.*, *Ceant v. Aventura Limo. & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("Plainly, Ceant need not know for certain, nor prove, that Aventura Limousine has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his."); *Bailey v. Calendar Girls of Hudson*, Case No. 8:16-cv-844-T-23AAS, 2016 WL 11670181, at *1 (M.D. Fla. July 18, 2016) (denying motion to dismiss and leaving determination of annual gross volume of sales based on a more "mature record").

But, Plaintiff must also show that the second prong of enterprise liability is met. Here, the barebones allegations in Paragraphs 7 and 9 of the Amended Complaint simply do not address whether two or more employees regularly engaged in interstate commerce or in the production of goods for interstate commerce and are thus insufficient to meet the applicable pleading standards. *See, e.g.*, *Saunders v. Amplus Airconditioning Contractor, Inc.*, No. 19-CV-62450-BLOOM/Valle, 2020 WL 1452364, at *4-5 (S.D. Fla. Mar. 25, 2020) (collecting cases finding enterprise coverage allegations that merely track the statute or fail to give details about plaintiff's job responsibilities were insufficient to survive dismissal); *Wildstein v. Cheyenne Holdings, Inc.*, No. 2:16-CV-14570-ROSENBERG/LYNCH, 2017 WL 10775868, at *2 (S.D. Fla. Feb. 8, 2017) (denying motion for final judgment on FLSA claims based on pleading deficiencies).

As well, the Court declines Plaintiff's invitation to infer from other allegations in the Amended Complaint, such as those in Paragraph 11 and the "collective action" pleading language, that enterprise coverage has been properly pled. (ECF No. 17 at 4). Indeed, except for the general and unsupported allegation in Paragraph 14 of the Amended Complaint that the lunch-time

7

"deduction practice occurred across the board to all hourly employees," the Amended Complaint provides no information about the number of other employees, their duties, or the relationship between their duties and interstate commerce. Moreover, Plaintiff's allegation that he is bringing this action on behalf of himself and all others similarly situated is not a factually supported allegation that meets the pleading requirements for FLSA enterprise coverage.

In sum, Plaintiff's Amended Complaint fails to state a claim for enterprise coverage because Plaintiff failed to allege that two or more of Defendants' employees were engaged in commerce. Plaintiff only alleges that *he* "worked with numerous products that had regularly moved through interstate commerce, including fire alarms, electrical wiring and circuits." (ECF No. 11 ¶ 11). *See Jaramillo v. Moaz, Inc.*, Case No. 20-20106-Civ-WILLIAMS/TORRES, 2020 WL 5752263, at *3 (S.D. Fla. Aug. 19, 2020) (concluding that no claim for enterprise coverage was alleged because the complaint lacked allegations that two or more of defendants' employees engaged in commerce) (citing *Villafana v. Our Children's Planet Corp.*, No. 15-23432, 2016 WL 3470013, at *3 (S.D. Fla Mar. 24, 2016) (finding that the plaintiff failed to properly allege enterprise coverage where the plaintiff did not allege how many employees beside the plaintiff handled the materials); *Saunders,* 2020 WL 1452364, at *6 (finding that the plaintiff failed to properly allege enterprise coverage where the complaint did not allege "generally the number of workers employed by defendants nor set forth facts for the court to reasonably infer that two or more employees were engaged in interstate commerce"); *Gurgel v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62819, 2017 WL 7796318, at *3 (S.D. Fla. Feb. 10, 2017) (finding that the plaintiff failed to adequately allege enterprise coverage where plaintiff failed "to plead at least two of defendants' employees were engaged in interstate commerce or handled goods or materials that have moved in interstate commerce on a regular and recurrent basis")).

### C. The Complaint Sufficiently Alleges Individual Coverage

Defendants also argue that the Amended Complaint's allegations do not establish individual coverage under the FLSA. Plaintiff did not address this argument in his Response.

To establish "individual coverage" under the FLSA, Plaintiff must show that he regularly and directly participates in the actual movement of persons or things in interstate commerce. *Josendis,* 662 F.3d at 1298. With respect to individual coverage, the Amended Complaint alleges that:

> 8. Plaintiff was 'engaged in commerce' within the meaning of the FLSA.
>
> 11. As part of his duties, Plaintiff worked with numerous products that had regularly moved through interstate commerce, including fire alarms, electrical wiring, and circuits.

(ECF No. 11 ¶¶ 8, 11).

On their face, these allegations are sufficient to plead individual coverage. *See, e.g.*, *Ceant*, 874 F. Supp. 2d at 1378 (allegations of individual or enterprise coverage need to address the nature of the employee's work and provide only straightforward allegations connecting that work to interstate commerce); *compare DeJean v. HLM Protective Serv., Inc.,* No. 17-61291, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017) (finding the plaintiff failed to allege individual coverage where the plaintiff did not allege any facts about his work in connection to interstate commerce) *with Gonzalez v. San Sebastian Custom Woodwork Corp.,* No. 12-21804, 2012 WL 13170881, at *3 (S.D. Fla. Dec. 31, 2012) (finding plaintiff adequately pled individual coverage where the plaintiff alleged that he used materials and goods that had moved through interstate commerce prior to and/or subsequent to plaintiffs' use of the same); *Jaramillo*, 2020 WL 5752263, at *2 (finding individual coverage was plead because plaintiff connected her job duties to use of the interstate mails).

Although Plaintiff has alleged minimal facts to establish individual coverage at this preliminary stage of the proceedings, the allegations are sufficient to survive dismissal of Count I of the Amended Complaint. However, Plaintiff will ultimately bear the burden of proving the elements of his FLSA claim. Thus, Plaintiff must prove that he "directly participat[ed] in the actual movement of persons or things in interstate commerce."[2] *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

Accordingly, although Plaintiff failed to properly allege enterprise coverage, the undersigned recommends that the Dismissal Motion be denied with respect to Count I, as Plaintiff has adequately alleged individual coverage.

### D. The Complaint Fails to Sufficiently Allege Defendant Haiman's Liability

Defendants also seek dismissal of the Amended Complaint as to Defendant Haiman individually. In a nutshell, Defendants argue that Plaintiff fails to allege sufficient facts to support the conclusion that Defendant Haiman is an employer under the FLSA, and instead simply repeat the statutory language. (ECF No. 15 at 8). The Amended Complaint alleges:

> 6. At all times material hereto, Defendant Matthew Haiman, individually, acted directly in the interests of his employer, the Defendant Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant Company, and is otherwise and employer under the FLSA.
>
> 17. Additionally, when Plaintiff would work actual overtime hours . . . those hours would be paid months later through Defendant Haiman's authority, but in straight time cash . . . .

(ECF No. 11 ¶¶ 6, 17).

---

[2] Specifically, Plaintiff will need to prove that he: (i) worked for an instrumentality of interstate commerce; or (ii) regularly used instrumentalities of interstate commerce in work functions. *Id.* In doing so, the character of the employee's activities will be determinative, not the nature of the employer's business. *Overstreet v. N. Shore Corp.*, 318 U.S. 494, 498 (1943). Further, the "employee's interstate activity must be regular and recurrent and not simply isolated or sporadic…." *Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D. Fla. 2009).

10

In the Eleventh Circuit, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FSLA for unpaid wages." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (citation and quotation omitted). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Thus, a corporate officer is personally liable as an FLSA employer if he has "operational control of a corporation's covered enterprise," which may include involvement in the day-to-day operation of the company or direct supervision of the employee at issue. *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986). On the other hand, corporate officers or majority shareholders who play no active role in on-going business operations are not considered employers under the FLSA. *See Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1161 (11th Cir. 2008); *Patel,* 803 F.2d at 638.

In determining whether a corporate officer should be individually liable for wage violations, courts often look at the economic reality of the relationship between the parties. This includes consideration of whether the defendant: (i) had the power to hire and fire the employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment; and (iv) maintained employment records. *E.g.*, *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1290 (S.D. Fla. 2015) (citations omitted). No single factor is dispositive; instead, the analysis focuses on the totality of the circumstances. *Id.*

Here, the Amended Complaint is devoid of facts concerning Defendant Haiman's role in the corporation, including, for example, his: (i) ownership interest in the Corporate Defendant; (ii) role in running daily operations of the Corporate Defendant; (iii) supervisory authority over

Plaintiff; (iv) role in the alleged non-payment of Plaintiff's proper wages; or (v) decision-making authority over employment matters. *See generally* (ECF No. 11). Plaintiff's conclusory statements that Defendant Haiman "acted in the interests of his employer" and that Plaintiff's overtime hours "would be paid months later through Defendant H[aiman's] authority" are not enough. Indeed, the Amended Complaint does not even identify Defendant Haiman's job title or describe his job responsibilities. *Id.*; *compare Jensen v. Defs. Sec. Co.*, No. 1:17-CV-3693-TWT-AJB, 2018 WL 3910851, at *7 (N.D. Ga. July 25, 2018), *report and recommendation adopted sub nom. Jensen v. Niksch*, No. 1:17-CV-3693-TWT, 2018 WL 3872777 (N.D. Ga. Aug. 15, 2018) (recommending dismissal when plaintiff did not allege the individual defendant's control over the operations, finances, or plaintiff's compensation) *with Ceant*, 874 F. Supp. 2d at 1381 (denying motion to dismiss individual defendants when plaintiff alleged ownership and financial control, regular authority to hire and fire, and ability to create work schedules).

Accordingly, Count II against Defendant Haiman should be dismissed without prejudice. Plaintiff should be given the opportunity to amend his pleading to correct these deficiencies.

### E. The Motion for Collective Action

Having found that Plaintiff's Amended Complaint should be dismissed in part without prejudice, and that Plaintiff should be given the opportunity to replead, the undersigned similarly recommends denying without prejudice Plaintiff's Motion to Proceed as Collective Action. (ECF No. 31). A ruling on the Motion for Collective Action at this stage, prior to the potential filing of a Second Amended Complaint, would be premature and also an inefficient use of judicial

resources.[3] If appropriate at a later date, Plaintiff should be permitted to renew the Motion for Collective Action.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 15) be **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**, as follows:

(i) Defendants' Motion should be DENIED as to Count I;

(ii) Defendant's Motion should be GRANTED as to Count II;

(iii) Plaintiff should be permitted an opportunity to amend the operative Complaint to cure the pleading deficiencies identified in this Report.

2. Plaintiff's Motion to Proceed as Collective Action (ECF No. 31) be **DENIED WITHOUT PREJUDICE**. Plaintiff should be permitted to renew the Motion for Collective Action as appropriate, after either filing a Second Amended Complaint or the time to do so has passed.

---

[3] Moreover, "where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage." *Meggs v. Condotte Am., Inc.*, No. 12-20876-CIV-GOODMAN, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012).

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 18, 2020.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen Williams
All Counsel of Record