**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 20-60064-CIV-CANNON**

**JOSEPH KING**,

    Plaintiff,

v.

**PREMIER FIRE ALARMS & INTEGRATION
SYSTEM, INSTALLATION DIVISION, INC.
and MATTHEW HAIMAN**

    Defendants.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

**THIS CAUSE** came before the Court upon Magistrate Judge Alicia O. Valle's Report and Recommendation ("Report") [ECF No. 46], issued on December 18, 2020. The Court has reviewed the Report, Defendants' Objections [ECF No. 48], Plaintiff's Response to Defendants' Objections [ECF No. 50], the entire record, and the applicable law. For the reasons stated below, the Court **ACCEPTS IN PART AND REJECTS IN PART** the Report. Defendant's Motion to Dismiss [ECF No. 15] is **GRANTED**; Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; Plaintiff may amend his complaint one final time on or before **March 1, 2021**; and Plaintiff's Motion to Proceed as a Collective Action [ECF No. 31] is **DENIED**.

CASE NO. 20-60064-CIV-CANNON/Hunt

## BACKGROUND

On March 18, 2020, Plaintiff Joseph King, a fire alarm technician, filed a two-count Amended Complaint pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*[1] [ECF No. 11]. In Count I, Plaintiff alleged a wage and hour violation under 29 U.S.C. § 207(a) against his former employer, Premier Fire Alarms & Integration System, Installation Division, Inc. ("Premier Fire") [ECF No. 11 ¶¶ 19-20]. In Count II, Plaintiff alleged a wage and hour violation against Defendant Matthew Haiman, an individual whose association to Premier Fire is unspecified in the Amended Complaint [ECF No. 11 ¶¶ 7, 17, 21-22]. Defendant moved to dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6) [ECF No. 15]. Plaintiff also filed a Motion to Proceed as a Collective Action [ECF No. 31]. The Court referred those motions to Magistrate Judge Valle [ECF No. 7, 16].

The Report recommends that Defendants' Motion to Dismiss be granted in part and denied in part without prejudice, and that Plaintiff's Collective Action Motion be denied without prejudice [ECF No. 46, p. 1]. As to Count I (the Count against Premier Fire), the Report determines that, although Plaintiff fails to state a claim for "enterprise coverage" under the FLSA, Plaintiff can proceed against Premier Fire on the basis of "individual coverage" [ECF No. 46, pp. 6-10]. As to Count II (the Count against individual Defendant Matthew Haiman), the Report determines that Plaintiff's allegations are insufficient to state a claim because they lack any detail about Haiman's role, responsibilities, or extent of authority over Plaintiff [ECF No. 46, pp. 10-12]. The Court agrees with the Report's analysis as to Count II and will not repeat it here. As to Count I, the Court respectfully disagrees that Plaintiff's allegations are sufficient to establish "individual coverage"

---

[1] Plaintiff filed an initial complaint in January 2020, which he amended in March 2020 following Defendant's initial motion to dismiss [ECF No. 11].

against Premier Fire. Counts I and II are therefore dismissed without prejudice. The discussion below concerns only the individual coverage issue as to Count I.

## DISCUSSION

"In order to be eligible for FLSA overtime . . . an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1298–99 (11th Cir. 2011) (quoting 29 U.S.C. § 207(a)(1)). That showing may be made in one of two ways—either by showing "individual coverage," "enterprise coverage," or both. 29 U.S.C. § 207(a)(1). The burden of proof lies on the employee to establish these jurisdictional prerequisites. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012), *as amended* (July 17, 2012) (citing *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 121 (1946)).

As relevant here, an employee may claim "individual coverage" if he regularly and "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs., Inc*., 448 F.3d 1264, 1266 (11th Cir. 2006). The relevant test therefore "'is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it.'" *Joseph*, 862 F. Supp. 2d at 1312 (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). Moreover, to successfully invoke individual coverage, "'a substantial part of Plaintiff's work' must be the engagement in interstate commerce." *Id.* (quoting *Walling v. Jacksonville Paper Co*., 317 U.S. 564, 572 (1943) (internal brackets omitted)).

As a threshold matter, Plaintiff explicitly fails to address whether "individual coverage" applies, relying exclusively on "enterprise coverage" [ECF No. 17, p. 3 ("Plaintiff does not need to address individual coverage as Plaintiff has alleged enterprise coverage")]. For that reason alone, the Court is disinclined to infer "individual coverage," even more so on the bare allegations

before it.

In any event, despite Plaintiff's apparent abandonment of "individual coverage," Plaintiff's allegations are facially insufficient. He alleges that he was "hired . . . as a Fire Alarm Technician" and "worked with numerous products that had regularly moved through interstate commerce, including fire alarms, electrical wiring, and circuits" [ECF No. 11 ¶¶ 10-11]. But a generalized allegation of "working with" objects that might themselves have traveled in interstate commerce is insufficient to show "individual coverage." As the Eleventh Circuit explained in *Josendis*, "[w]hile the point of origin of [objects with which an employee works] may be relevant under a theory of enterprise coverage, their origin is irrelevant to the issue of individual coverage— namely, whether [plaintiff] himself *directly participated* in the *actual movement* of persons or things in interstate commerce." 662 F.3d at 1316 (emphasis in original). Moreover, merely "working with" objects that crossed state lines is fundamentally different from causing those objects to cross state lines or directly participating in such movement. Courts in the Eleventh Circuit have held that simply working with or handling such objects does not establish individual coverage under the FLSA. *See, e.g.*, *Joseph*, 862 F. Supp. 2d at 1313 ("[H]andling goods, in this case food or beverages, that have previously traveled in interstate commerce does not constitute engaging in interstate commerce."); *see also Thorne*, 448 F.3d at 1267 ("[T]he fact that some of the tools [defendant] purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act.") (citing *McLeod*, 319 U.S. at 493) (emphasis in original); *Martinez v. Palace*, 414 F. App'x 243, 247 (11th Cir. 2011) (finding that a restaurant cook was not individually covered by the FLSA simply because he handled food and goods that came from out-

of-state). Thus, the Court declines to adopt the Report's recommendation on this point alone. The Amended Complaint does not allege any nonconclusory facts to establish individual coverage.

Finally, the Court agrees with the Report that Plaintiff should be given an opportunity to amend his complaint. Rule 15 of the Federal Rules of Civil Procedure instructs a court to grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Defendant is correct that Plaintiff has amended his pleading once before on his own initiative, there is no indication of undue delay, bad faith, or repeated failure on the part of Plaintiff, nor has Defendant shown that allowing amendment would cause undue prejudice. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff therefore will be granted one final opportunity to amend his pleading to cure the pleading deficiencies described herein, but any such amended pleading must be filed on or before **March 1, 2021**.

## CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 46]** is **ADOPTED IN PART AND REJECTED IN PART**.
2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 15] is **GRANTED** as to both Counts I and II.
3. Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.
4. Plaintiff will have one final opportunity to cure the pleading deficiencies by filing a Second Amended Complaint on or before March 1, 2021. No further opportunities to amend the complaint will be granted.
5. Plaintiff's Motion to Proceed as Collective Action [ECF No. 31] is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew this motion as appropriate after filing a Second Amended Complaint.

CASE NO. 20-60064-CIV-CANNON/Hunt

**DONE AND ORDERED** in Fort Pierce, Florida, this 16th day of February 2021.

                                                                                                      **AILEEN M. CANNON**
                                                                                                      **UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record.